Islam-Mia v. Holder

BIA
Schoppert, IJ
A088 053 104

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of September, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges.*

─────────────────────────────────────

MUHAMED SHAHIDUL ISLAM-MIA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-2430-ag
NAC

─────────────────────────────────────

FOR PETITIONER: Thomas Vincent Massucci, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Sabatino F. Leo, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Muhamed Shahidul Islam-Mia, a native and citizen of the People's Republic of China, seeks review of a May 21, 2010, order of the BIA, affirming the May 28, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muhamed Shahidul Islam-Mia*, No. A088 053 104 (B.I.A. May 21, 2010), *aff'g* No. A088 053 104 (Immig. Ct. N.Y. City May 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's adverse credibility determination. As the IJ found: (1) although

Islam-Mia testified that, in 2003, he was hung upside down and had hot water poured into his nose, those details were omitted in his asylum application; (2) although Islam-Mia testified that he still suffered health problems as a result of the 2003 incident, the statement from his physician did not indicate any such problems; and (3) although Islam-Mia testified that he was severely beaten all over his body and that his face was covered in blood after he was beaten, photographs taken after the beating while he was detained did not depict any visible signs of scarring, blood, or bruises on his face and body. Because the agency was entitled to rely on any discrepancy in finding Islam-Mia not credible, the IJ's reliance on these inconsistencies was not improper. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 n.3 (2d Cir. 2008) (noting that inconsistencies and omissions are "functionally equivalent").

The IJ also reasonably found Islam-Mia's testimony implausible. With regard to the photographs that Islam-Mia submitted, the IJ found implausible that: (1) someone would have been allowed to take photographs of Islam-Mia while he was detained; and (2) the photographs were taken after

3

Islam-Mia was severely beaten and tortured. The IJ's implausibility finding was not impermissibly speculative, given that Islam-Mia could not explain why the photographs did not depict any blood or marks on his body. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007) (finding that so long as an IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," the Court will not disturb the inherent implausibility finding). Moreover, there is no merit to Islam-Mia's argument that he was not provided the opportunity to explain his implausible testimony, as he was asked why the photographs did not depict any blood or marks on his body. Moreover, Islam-Mia does not challenge, and therefore has waived any challenge to the IJ's implausibility finding regarding the warrant for his arrest. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (holding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

Lastly, there is no merit to Islam-Mia's argument that the agency erred in giving diminished weight to the evidence he submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*,

4

471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency) (holding that this Court generally accords deference to the agency's evaluation of documentary evidence).

Accordingly, considering the totality of the circumstances and all relevant factors, the IJ's credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Because the only evidence of a threat to Islam-Mia's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for asylum and withholding of removal, as both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Islam-Mia has not challenged the agency's denial of his CAT claim.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk